UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORTLAND KING,

    Petitioner,

                                              CASE NO. 2:06-CV-14986
v.                                    JUDGE GERALD E. ROSEN
                                              MAGISTRATE JUDGE PAUL J. KOMIVES

THOMAS G. PHILLIPS

    Respondent.[1]
_____/

## MEMORANDUM ORDER DENYING PETITIONER'S
## MOTION TO SUPPLEMENT PLEADINGS (docket #23)

    Petitioner Cortland King commenced this habeas corpus action on November 6, 2006, challenging on numerous grounds his May 2003 state court conviction for second degree criminal sexual conduct. On February 26, 2007, petitioner filed a motion for discovery, seeking discovery concerning witnesses who could have testified that the victim and the victim's mother committed perjury, and that the victim had previously made a false allegation of sexual abuse. On September 28, 2007, the motion for discovery was denied as premature. On November 26, 2007, petitioner filed this motion to supplement the pleadings, again seeking discovery. For the reasons that follow, the motion will be denied.

    "A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, a petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6, Rules Governing Section 2254 Cases in the United States District

---

    [1]By Order entered this date, Thomas G. Phillips has been substituted for Carol Howes as the proper respondent in this action.

Courts, 28 U.S.C. foll. § 2254. In order to establish "good cause" for discovery, petitioner must establish that the requested discovery will develop facts which will enable him to demonstrate that he is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

Here, petitioner seeks discovery in the form of information from witnesses who, he contends, will establish that the complainant's mother lied at trial and that he is actually innocent of the crime for which he was convicted. With respect to actual innocence, there is no good cause for discovery because actual innocence is not itself a constitutional claim cognizable on habeas review, as explained in the Report filed on this date with respect to the merits of petitioner's habeas claims. As the Supreme Court has explained: "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also*, *id*. at 404 (claim of actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred *constitutional* claim considered on the merits.") (emphasis added); *Schlup v. Delo*, 513 U.S. 298, 314-16 (distinguishing, in part, *Herrera* because in this case the petitioner "accompanie[d] his claim of innocence with an assertion of constitutional error at trial."); *Townsend*, 372 U.S. at 317 ("Of course, such evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus.").

As also explained in the Report filed on this date, to succeed on his claim that the victim and her mother committed perjury, petitioner must show that the prosecutor knew of the perjury. *See Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1999); *United States v. Verser*, 916 F.2d 1268, 1271 (7th Cir. 1990). Petitioner presents no evidence or argument relating to prosecutorial involvement in the perjury, and

2

the evidence he seeks in discovery does not relate to the prosecutor's knowledge. Thus, petitioner is not entitled to discovery under Rule 6. *See Burns v. Lafler*, 328 F. Supp. 2d 711, 718-19 (E.D. Mich. 2004) (Gadola, J.). Further, with respect to the witnesses petitioner claims should have been called at trial by counsel, as explained in the Report their testimony was either irrelevant or inadmissible under Rule 608(b) as extrinsic evidence of credibility. Thus, discovery with respect to these witnesses would not have the potential to advance petitioner's claims.

Accordingly, it is ORDERED that petitioner's motion to supplement the pleadings is hereby DENIED.[2] The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated:7/30/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 30, 2008.
>
> s/Eddrey Butts
> Case Manager

---

[2]To the extent that petitioner's motion is in the nature of a reply brief, his arguments are considered in the Report filed on this date.