UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORTLAND KING,

      Petitioner,

                                      CASE NO. 2:06-CV-14986
v.                               JUDGE GERALD E. ROSEN
                                    MAGISTRATE JUDGE PAUL J. KOMIVES

CAROL HOWES,

      Respondent.
_____/

## MEMORANDUM ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY (docket #6)

Petitioner Cortland King commenced this habeas corpus action on November 6, 2006, challenging on numerous grounds his May 2003 state court conviction for second degree criminal sexual conduct. The matter is currently before the Court on petitioner's motion for discovery, filed on February 26, 2007. For the reasons that follow, the motion will be denied.

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, a petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. In order to establish "good cause" for discovery, petitioner must establish that the requested discovery will develop facts which will enable him to demonstrate that he is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

Here, petitioner seeks discovery in the form of information from witnesses who, he contends, will establish that the complainant's mother lied at trial and that he is actually innocent of the crime for

which he was convicted. With respect to actual innocence, there is no good cause for discovery because actual innocence is not itself a constitutional claim cognizable on habeas review. As the Supreme Court has explained: "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also*, *id*. at 404 (claim of actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred *constitutional* claim considered on the merits.") (emphasis added); *Schlup v. Delo*, 513 U.S. 298, 314-16 (distinguishing, in part, *Herrera* because in this case the petitioner "accompanie[d] his claim of innocence with an assertion of constitutional error at trial."); *Townsend*, 372 U.S. at 317 ("Of course, such evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus."). Thus, any evidence of innocence would have no bearing on whether petitioner has established a constitutional claim for relief in habeas corpus. Evidence of innocence may permit the Court to consider the merits of any claims asserted by petitioner which are procedurally defaulted, as respondent argues some are, but in light of the burden and expense of the discovery rules any such discovery should be postponed until a finding that the claims are, in fact, defaulted.

Likewise, it is not clear at this stage whether petitioner's purported evidence, even if accepted as true, would entitle him to habeas relief. To succeed on this claim, petitioner must show that the testimony amounted to perjury, rather than mere inconsistency, that the perjured testimony was material, and that the prosecutor knew of the perjury. *See Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1999); *United States v. Verser*, 916 F.2d 1268, 1271 (7th Cir. 1990). It may be that even assuming the truth of petitioner's allegations, he would still not be able to establish each of these elements. And if

2

this is, in fact, the case, then petitioner is not entitled to discovery under Rule 6. *See Burns v. Lafler*, 328 F. Supp. 2d 711, 718-19 (E.D. Mich. 2004) (Gadola, J.).

In these circumstances, discovery at this point would be premature, as there are preliminary questions which may obviate the need for discovery. *See Zamgola v. Campbell*, No. C 05-0975 JF, 2006 WL 2263906, at *2 (N.D. Cal. Aug. 8, 2006) (where preliminary review of petition indicated that claim might be resolved on basis of existing record, discovery was premature; court would order discovery if it later appeared necessary); *Gengler v. United States ex rel. Dept. of Defense & Navy*, 463 F. Supp. 2d 1085, 1114-15 (E.D. Cal. 2006) ("[U]ntil [respondent] files an answer to the amended petitions, it is impossible to evaluate what, if any, discovery is needed and whether the discovery is relevant and appropriately narrow."); *Mosley v. French*, 6 F. Supp. 2d 474, 479 (M.D.N.C. 1998) (denying discovery on prejudice component of claim where resolution of substantive constitutional issue could obviate need for discovery). If it later appears that discovery is necessary and appropriate to resolve petitioner's claims, the Court may order discovery at that time.

Accordingly, it is ORDERED that petitioner's motion for discovery is hereby DENIED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.


s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: 7/30/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 30, 2008.
>
> s/Eddrey Butts
> Case Manager