UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORTLAND KING,

          Petitioner,

                                      CASE NO. 2:06-CV-14986
    v.                                  JUDGE GERALD E. ROSEN
                                        MAGISTRATE JUDGE PAUL J. KOMIVES

THOMAS G. PHILLIPS,

          Respondent.

_____/

## REPORT AND RECOMMENDATION

I.    <u>RECOMMENDATION</u>: The Court should deny petitioner's request for a certificate of appealability (docket #38).

II.    <u>REPORT</u>:

A.    *Procedural Background*

Petitioner Cortland King is a state prisoner currently confined at the Pugsley Correctional Facility in Kingsley, Michigan.  On November 6, 2006, petitioner filed an application for the writ of habeas corpus, challenging his 2002 conviction for second degree criminal sexual conduct on seven bases: (1) ineffective assistance of trial counsel; (2) suppression of exculpatory evidence and improper prosecutorial comments; (3) conviction based on facts not in evidence; (4) inconsistent verdicts; (5) improper exclusion of favorable polygraph results; (6) ineffective assistance of appellate counsel; and (7) improper denial of postconviction relief.  On July 30, 2008, I filed a Report recommending that the Court deny the petition.  Specifically, I recommended that the Court conclude each of petitioner's claims is without merit.  On October 22, 2008, the Court entered an order accepting my

recommendation.  On November 10, 2008, petitioner filed a notice of appeal and a motion for certificate of appealability, and on November 21, 2008, petitioner filed a brief in support of his motion. Petitioner seeks a certificate with respect to three of the claims raised in his petition: (1) ineffective assistance of trial counsel; (2) prosecutorial misconduct; and (3) inconsistent verdicts.  Pursuant to 28 U.S.C. § 2253(c), petitioner may appeal only if he is first granted a certificate of appealability.  For the reasons that follow, the Court should deny the certificate.

B.      *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84.  Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues

are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).  Accordingly, with respect to each issue, the Court must "either issue a certificate of appealability or state why a certificate should not issue."  FED. R. APP. P. 22(b)(1).

C.      *Analysis*

Although petitioner's habeas application included seven claims for relief, petitioner seeks a certificate of appealability only with respect to his first, second, and fourth claims.  Because petitioner does not seek the issuance of a certificate of appealability for the remaining claims that he raised in his petition, petitioner has waived his right to obtain a certificate of appealability on these claims. *See Elzy v. United States*, 205 F. 3d 882, 886 (6th Cir. 2000).

1.      *Ineffective Assistance of Counsel*

In his ineffective assistance of counsel claim, petitioner argued that counsel was ineffective for failing to call various witnesses.

With respect to Tom Parker and Valeria Moran, petitioner argued that these witnesses could have testified to the contentious visitation battle between the victim's parents, and that Parker could have testified to a number of instances in which the victim's mother made the victim lie.  The Court's conclusion that petitioner was not prejudiced by the absence of this testimony is not debatable among reasonable jurists.  As explained in my Report, notwithstanding the testimony of the victim's mother denying any acrimony, there was significant evidence presented that the visitation battle was contentious, and in light of this evidence "it is not reasonably probable that additional evidence relating to the visitation proceeding would have affected the court's verdict."  R&R, at 26.  Further, any testimony from Parker or Moran regarding specific instances of the victim lying or being forced to lie by her mother would have been precluded by Rule 608(b).  Because this testimony would not have been admissible, the Court's conclusion that petitioner was not prejudiced by counsel's failure to call these

3

witnesses is not debatable.

The same conclusion holds true for counsel's failure to call Tom Robinson, because his purported testimony that the victim's mother had previously made a false allegation of sexual assault would have been a specific instance of the witness lying, and thus would have been inadmissible under Rule 608(b). *See* R&R, at 27.

With respect to the Gingerbread Daycare employees, petitioner contends that these witnesses could have testified that they suspected that the victim's half-sister had been the victim of sexual abuse, but that they ultimately decided against reporting their suspicions. However, as explained in my Report, counsel indicated to petitioner that he had spoken with employees of the daycare center, but that they did not recall the incident. Petitioner contends that this statement from counsel was a lie, but presents no evidence that counsel lied or any reason to believe that counsel would have lied about contacting the daycare center. *See* R&R, at 28. Further, there is no question that "[w]hether the victim's half-sister had been the victim of sexual abuse was simply not relevant to the question of whether or not petitioner sexually abused the victim, nor would it in any way bear on the credibility of the victim or her mother." *Id*. Thus, the Court's resolution of this claim is not debatable among reasonable jurists.

Petitioner also argued that counsel was ineffective for failing to call Harrison Police Department officers who prepared a report regarding a sexual assault complaint made by the victim against Jemmifer Preston.[1] However, petitioner cannot show that counsel was ineffective for failing to call these witnesses, because counsel attempted to elicit this information from the victim and her mother on cross-examination, and in large part was precluded from doing so by the trial court. *See* R&R, at

---

[1]"Jemmifer" is the spelling used in the police report.

28-29.  Thus, it is doubtful that the trial court would have permitted these witnesses to testify.  Further, their testimony concerning the victim's prior false accusation would have been a prohibited specific instance of lying rendered inadmissible by Rule 608(b).  *See id*. at 29 (citing *People v. Reitmeyer*, No. 276207, 2008 WL 1829563, at *2 (Mich. Ct. App. Apr. 24, 2008)).  Thus, the evidence would have been inadmissible, and the Court's conclusion is therefore not debatable among reasonable jurists.

Petitioner next argued that Dave Dodel and his daughter could have testified that the victim and her mother had made a prior false accusation of rape against the daughter.  Petitioner presented no evidence from Dodel or the daughter to this effect, however, basing his claim solely on the hearsay statements of Tom Parker, who did not indicate the basis of his personal knowledge.  In any event, as with the testimony of Robinson, Preston, and the Harrison Police witnesses, this testimony would have been inadmissible under Rule 608(b), and thus petitioner cannot establish prejudice.  The Court's resolution of this claim is therefore not debatable among reasonable jurists.

Finally, petitioner argued that counsel was ineffective for failing to call Bradley Brewer and Richie Herbert.  Their only purported testimony would have been that they had tumultuous relationships with the victim's mother after the events at issue in the case.  Petitioner presented nothing to show how this testimony would have been relevant in any way to the charges against him.  Thus, the Court's rejection of this claim is not debatable among reasonable jurists.  Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability on his ineffective assistance of counsel claims.

2.    *Prosecutorial Misconduct*

In his prosecutorial misconduct claim, petitioner argued that the prosecutor suppressed exculpatory evidence.  As explained in my Report, however, there was no evidence that the police report to which this claim relates was suppressed by the prosecutor, *see* R&R at 14, and in any event

5

petitioner was provided a copy of the report at trial. Even if the report was suppressed until counsel became aware of it at trial, petitioner offered nothing to show that he was unable to use the report and thus was prejudiced by the delayed disclosure. *See Norris v. Schotten*, 146 F.3d 314, 334 (6th Cir. 1998). To the extent that petitioner's claim is based on the prosecutor's failure to disclose the date of the state court visitation hearing involving the victim's parents, there is no evidence that the prosecutor knew of this information, while there is evidence that petitioner knew of the dispute and thus could have obtained the relevant records on his own. *See* R&R at 15-16; *Coe v. Bell*, 161 F.3d 320, 344 (6th Cir. 1998) ("There is not *Brady* violation where a defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information, or where the evidence is available . . . from another source, because in such cases there is really nothing for the government to disclose."). Thus, the Court's resolution of this claim is not debatable among reasonable jurists.

Petitioner also claimed that the prosecutor committed misconduct in responding to counsel's attempt to question the victim regarding a prior sexual assault allegation. The prosecutor stated that the prior accusation was not false, a statement which petitioner contends amounted to vouching. However, the prosecutor made clear that his representation was based on the testimony that the victim and mother would give if questioned about the matter, and was made not as substantive evidence or closing argument, but as part of an objection to defense counsel's questioning. *See* R&R, at 17. Further, it is beyond debate that "a trial judge acting as the finder of fact is presumed to have followed the law and relied only upon the evidence presented in rendering a verdict." *Matthews v. Abramajtys*, 92 F. Supp. 2d 615, 642 (E.D. Mich. 2000) (Tarnow, J.). Thus, the Court's resolution of this claim is not debatable among reasonable jurists.

Finally, petitioner contends that the prosecutor failed to endorse a number of *res gestae* witnesses. As explained in my Report, however, this claim raises an issue of state law which is not

cognizable on habeas review, and in any event the witnesses identified by petitioner were not *res gestae* witnesses under Michigan law. *See* R&R, at 18-19. Thus, the Court's resolution of this claim is not debatable among reasonable jurists. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability with respect to his prosecutorial misconduct claims.

       3.    *Inconsistent Verdict*

Finally, petitioner seeks a certificate of appealability with respect to his inconsistent verdict claim. In this claim, petitioner argued that the trial court's verdict–finding him guilty of one CSC count but acquitting him of two other CSC counts–was inconsistent. The Court's resolution of this claim is not debatable among reasonable jurists. First, as noted in my Report, there was no inconsistency in the verdict. The victim had trouble identifying precisely how many times she was made to rub petitioner's penis and the dates on which the incidents occurred. "Thus, the trial court could have concluded that at least one sexual assault occurred, but that there was not sufficient evidence to establish the exact number of assaults." R&R, at 21. Further, as explained in my Report, it is undisputed clearly established law that an inconsistent verdict raises no constitutional issue and does not require the setting aside of the verdict. *See id*. (citing *United States v. Powell*, 469 U.S. 57, 64-65 (1984); *Harris v. Rivera*, 454 U.S. 339, 345-48 (1981); *Dunn v. United States*, 284 U.S. 390, 393 (1932)). Accordingly, petitioner is not entitled to a certificate of appealability with respect to his inconsistent verdict claim.

D.    *Conclusion*

In view of the foregoing, the Court should conclude that its resolution of petitioner's claims is not debatable among reasonable jurists, and that petitioner has therefore failed to make a substantial showing of a denial of his constitutional rights. Accordingly, the Court should deny petitioner's request for a certificate of appealability.

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 3/24/09

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record   by electronic means or U.S. Mail on March 24, 2009.

s/Eddrey Butts
Case Manager

8